## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CIVIL ACTION NO. 3:20-CV-00572-DJH-CHL

**KATHLEEN KLEIN,**                                                             **Plaintiff,**

**v.**

**FIFTH THIRD BANK, N.A.,**                                         **Defendant.**

### MEMORANDUM OPINION AND ORDER

Before the Court is the motion for a protective order and for leave to seal filed by Defendant Fifth Third Bank, N.A. ("Defendant"). (DN 34.) Plaintiff Kathleen Klein ("Plaintiff") did not file a response and the time to do so has expired. *See* L.R. 7.1(c). Therefore, the motion is ripe for review.

**I.**      **BACKGROUND**

Plaintiff brought this action against Defendants on August 14, 2020 alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. § 623 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2. (DN 1, at PageID # 7–8.) On February 1, 2022, Defendant moved for summary judgment, offering a declaration of Jeffrey Tischler ("Tischler") and the depositions of Plaintiff and Tischler in support. (DN 40.) (*See* DN 35.) Tischler's declaration includes five exhibits. (DN 38.) Exhibit 1 is a job profile for a senior credit officer position; Exhibit 2 is a job profile for a credit officer position; Exhibit 3 is a text message conversation; Exhibit 4 is a performance review for a third-party employee of Defendant; Exhibit 5 is an email containing assessments of candidates for employment positions. (*Id.*) Anticipating that it would rely on Tischler's declaration in its motion for summary judgment, Defendant filed the instant motion requesting two things. (DN 34, at PageID # 105.) First, Defendant requests leave to file the

Tilscher declaration under seal. (*Id.* at 106.) Defendant attached as an exhibit to the instant motion a publicly available version of the declaration redacting "certain confidential business dealings of Fifth Third, Fifth Third's confidential performance assessments of Schneider, a third-party, and related confidential information of other third-parties, all of which are private, confidential, and proprietary to Fifth Third and other third-parties." (*Id.* at 105–06.) (*See* DN 34-1.) Second, Defendant requests that the Court enter a protective order restricting public disclosure of documents produced during discovery that are designated by either party as confidential. (DN 34, at PageID # 106.) (*See* DN 34-3.)

After it filed the instant motion, Defendant filed a "Notice of Filing Documents in Support of its Motion for Summary Judgment," which advised that it intended to file with its motion for summary judgment the Tischler declaration and the transcripts and certain exhibits to the depositions of Plaintiff and Tischler. (DN 35, at PageID # 185.) Defendant then filed its motion for summary judgment, (DN 40), and separately filed the documents in support, which all contain various redactions. (DN 36; DN 37; DN 38.) Defendant also filed a version of the Tischler declaration under seal that, while redacted, contains fewer redactions than the version it filed publicly. (DN 41.) On February 22, 2022, Plaintiff filed her response to Defendants motion for summary judgment, which references documents that Defendant has designated as confidential. (DN 44; DN 45, at PageID # 1205.) In light of Defendant's pending motion for a protective order, Plaintiff filed redacted versions of these documents as exhibits to her response. (DN 44-1; DN 44-11; DN 44-13; DN 44-16.) Plaintiff then filed a "Supplemental Brief" stating that she "is not making an admission or agreeing that the documents marked by Defendant as being 'Confidential' are truly that, [but] is agreeing to file this Supplement as a good-will gesture." (DN 45, at PageID

# 1204.) She then separately filed unredacted versions of the documents under seal pending the Court's ruling on the instant motion. (DN 46; DN 47; DN 48; DN 49.)

## II. DISCUSSION

### a. Motion to Seal Tischler Declaration

It is well-established that a "strong presumption" exists in favor of keeping court records open to the public. *See, e.g.*, *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176-79 (6th Cir. 1983). The party seeking to seal the records bears the heavy burden of overcoming the presumption, and "only the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). To meet this burden, the party seeking a seal must show: (1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly tailored. *Id.*; *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-94 (6th Cir. 2016). "[O]nly trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane*, 825 F.3d at 308 (citation and internal quotation marks omitted). The Sixth Circuit has held that "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane*, 825 F.3d at 305–06 (quoting *Baxter Int'l., Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). Further, in ruling on a motion to seal, the Court is required to make "specific findings and legal conclusions 'which justify nondisclosure to the public.'" *Rudd*, 834 F.3d at 594 (quoting *Brown & Williamson*, 710 F.2d at 1176).

3

Here, Defendant requests the seal in order to protect "certain confidential business dealings of Fifth Third, Fifth Third's confidential performance assessments of Schneider, a third-party, and related confidential information of other third-parties, all of which are private, confidential, and proprietary to Fifth Third and other third-parties." (DN 34, at PageID # 105–06.) The Sixth Circuit has addressed circumstances under which protecting a litigant's sensitive business information or confidential information about third parties justifies sealing documents filed in the court record. For example, in *Brown & Williamson*, the court found that documents containing information gathered by a regulatory agency during its investigation of five tobacco companies had been improperly sealed by the district court. 710 F.2d at 1180-81. The court acknowledged "the natural desire of parties to shield prejudicial information contained in judicial records from competitors and the public." *Id.* at 1180. Nonetheless, the court found that protecting such information "cannot be accommodated by courts without seriously undermining the tradition of an open judicial system." *Id.* The court therefore instructed that "a court should not seal records unless public access would reveal legitimate trade secrets, a recognized exception to the right of public access to judicial records." *Id.* In *Shane*, the court found that documents filed in a class action suit alleging price-fixing by a health insurer were improperly sealed by the district court. 825 F.3d at 308. The court found that the insurer's concern about public access to "competitively-sensitive financial and negotiating information" contained in the documents was inadequate to justify sealing. *Id.* at 301–08. In doing so, the court emphasized that such information did not fall into the three categories of information that are typically sufficient to overcome the presumption of public access. *Id.* at 308. For example, the court found that the information at issue was "not entitled to protection as a legitimate trade secret." *Id.* The court also found that to the extent the information contained third party hospitals' financial and negotiating information, there was still

no compelling reason to seal the exhibits because "there is no statutory or regulatory privilege that protects their information from disclosure, and the particulars of years-ago negotiations are unlikely to amount to a trade secret." *Id.* *See In re FCA US LLC Monostable Elec. Gearshift Litig.*, 377 F. Supp. 3d 779, 787 (E.D. Mich. 2019) ("[T]he cases where the sealing of information has been upheld concerned clearly personal and impertinent details associated with third parties, such as personal identifying information of crime victims or financial records of a bank's customers."). As *Brown & Williamson* and *Shane* make clear, business information and information about innocent third parties are not entitled to any special protection, and a party who wished to seal such information bears the burden of "showing that 'disclosure will work a clearly defined and serious injury.' " *Id.* at 307 (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)).

Here, Defendant has not explained how its business or the third-party privacy interests would be harmed if information it seeks to redact from the Tischler declaration were made public. Instead, it merely cites two cases from this Court that purportedly "recognize[] the private and confidential nature of third-party performance reviews and assessments like the records at issue here." (DN 34, at PageID # 106) (citing *Scott-Warren v. Liberty Life Assur. Co.*, No. 3:14-CV-738-CRS-CHL, 2016 U.S. Dist. LEXIS 90730, *17 (W.D. Ky., Jul. 13, 2016) and *England v. Advance Auto Stores Co.*, No. 1:07CV-174-TBR, 2008 U.S. Dist. LEXIS 136382, *23–26 (W.D. Ky., Dec. 9, 2008)). However, neither of the cited cases support a compelling interest in sealing information contained in the Tischler declaration. As an initial matter, both cases addressed requests for protective orders; in neither case was sealing at issue. *Scott-Warren*, 2016 U.S. Dist. LEXIS 90730, at *17; *England*, 2008 U.S. Dist. LEXIS 136382, *23. *See Shane*, 825 F.3d at 305 (clarifying that "there is a stark difference between so-called 'protective orders' entered pursuant

5

to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other"). Further, in *Scott-Warren*, the Court granted a protective order precluding requests for production of information regarding a company's performance review process on relevance grounds; the Court did not even address any privacy interest in the information. 2016 U.S. Dist. LEXIS 90730, at *17 (stating that "if discovery related to compensation practices leads to a suggestion of the influence of bias in the disability claims decision process, then the Court is willing to revisit the issue of performance reviews"). This Court has on at least one occasion found that the risk of harm posed by public disclosure of third-party employment performance reviews established a compelling interest in sealing because "a subpar performance review could affect an individual's employment prospects." *Johnson v. Evolent Health LLC*, No. 320CV00601DJHCHL, 2022 WL 71635, at *2 (W.D. Ky. Jan. 6, 2022). However, unlike in *Johnson*, here, Defendants have not explained why the information in the Tischler declaration could harm any third party's employment prospects. Exhibit 4 is a performance review for a third-party employee of Defendant in which the employee is assigned an "Exceptional Rating"; Defendant draws from this review in its motion for summary judgment in order to show that this employee "was the most qualified candidate." (DN 40, at PageID # 723.) Exhibit 5 is an email containing assessments of candidates for employment positions, but it contains little that could be construed as commenting on any employee's performance and instead focuses on other fitness factors, including location, interest, and years of experience. (DN 41, at PageID # 801.) The Court sees no reason why any employee would face a serious injury if these documents were made public. Because Defendant has not met its burden of showing a compelling interest in sealing any information contained in the Tischler Declaration, its motion to seal will be denied.

### b. Redacted Deposition Transcripts and Exhibits to Plaintiff's Brief

"Absent a federal statute or federal rule of procedure, local rule, or standing order of this court[,] a party seeking to file a sealed document must electronically file a motion for leave to seal." L.R. 5.6(c). In bringing such a motion, "[r]eference to a stipulation that allows a party to designate certain documents as confidential is not sufficient grounds to establish that a document, or portions thereof warrants filing under seal." *Id.* As was summarized in Part II above, there are several documents in addition to the Tischler declaration that were filed either with redactions or under seal, and no corresponding motions to seal have been filed. This includes DN 36; DN 37; DN 44-1; DN 44-11; DN 44-13; DN 44-16; DN 46; DN 47; DN 48; DN 49. The Court has reviewed these documents, and it is not apparent that any concealed information is of the type that the Sixth Circuit has recognized as typically enough to justify sealing (i.e., trade secrets, privileged information, information that is confidential by statute).[1] Nonetheless, the Court will afford Defendant, as the designating party, an opportunity to demonstrate that sealing is justified. Absent a meritorious motion, the Court will mandate that unredacted, publicly available versions of the documents be filed in the record.

In the event that either party will seek leave to seal a document filed in the record, they are advised of the following considerations. Except as stated in Rule 5.2, redaction is considered by the Court to be the same as sealing information. A proposed redacted document (the document

---

[1] In its motion, Defendant states, "Counsel will email unredacted versions to the Court for review in chambers (copying opposing counsel)." (DN 32, at PageID # 106.) However, no *in camera* submission by Defendant has been received. Defendant did not seek leave to submit its exhibits for *in camera* review, and the Court sees no basis for it here. *See United States v. Zolin*, 491 U.S. 554, 572, 109 S. Ct. 2619, 2631, 105 L. Ed. 2d 469 (1989) ("[T]he decision whether to engage in in camera review rests in the sound discretion of the district court."). The Court's Local Rules establish the procedures for seeking leave to file documents under seal, and they do not contemplate *in camera* review under the circumstances. *See* L.R. 5.6. In some cases, *in camera* review may assist the Court in determining whether a seal is justified, but it is not an appropriate alternative to carrying out the burden imposed by the Sixth Circuit of offering a line-by-line analysis showing why disputed information should be concealed from the public.

with the confidential information redacted from it) should be filed as an attachment to the motion to seal or response to the motion to seal, as is appropriate under the circumstances. The Parties should avoid making assumptions in redacting information from documents filed in the Court record. For example, Defendant redacted ten pages from Plaintiff's deposition transcript that were not referenced in its motion for summary judgment. (DN 36, at PageID # 330–41.) Defendant also redacted what appears to be a home address and birthdate from Tischler's deposition transcript. (DN 37, at PageID # 480, 502.) Rule 5.2 does not provide for redactions to individuals' home addresses or birthyears. It is not necessary that Parties file irrelevant excerpts from deposition transcripts, but redaction is not a substitute for omission; once a document is filed in the record, the presumption of public access is triggered. *See* Fed. R. Civ. P. 5.2 advisory committee note to 2007 amendment ("Parties must remember that any personal information not otherwise protected by sealing or redaction will be made available over the internet. Counsel should notify clients of this fact so that an informed decision may be made on what information is to be included in a document filed with the court."); *Shane*, 825 F.3d at 305 ("The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record.").

Even if a movant establishes a compelling interest in sealing documents filed in the record, the public interest in access may still outweigh it. The Sixth Circuit has held that "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane*, 825 F.3d at 305. "The inverse is true, too. The lesser the public interest in the litigation's subject matter, the lesser the showing necessary to overcome the presumption of access." *Caudill Seed & Warehouse Co., Inc. v. Jarrow Formulas, Inc.*, No. 3:13-CV-82-CRS-CHL, 2017 WL 3220470, at *5 (W.D. Ky. July 28, 2017). Transparency is most

important at the present stage of litigation, when the merits of the case are being decided. *Id.* at 305. *See Rudd Equip. Co., Inc. v. Volvo Constr. Equip. N. Am., LLC*, No. 3:19-CV-778-DJH-CHL, 2020 WL 6946577, at *3 (W.D. Ky. Nov. 25, 2020) (public interest in access was "especially strong" for a document "offered in support of a motion for summary judgment, which will result in a ruling on the merits as a matter of law"). When documents are filed in support of a motion for summary judgment, "the public would have a substantial interest in knowing what evidence exists (or does not exist) that would show that [a defendant] engaged in [actionable] conduct." *Kentucky v. Marathon Petroleum Co. LP*, No. 3:15-CV-354-DJH, 2018 WL 3130945, at *6 (W.D. Ky. June 26, 2018). See *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (holding that documents filed in support of a motion for summary judgment in a civil case are entitled to a more rigorous standard); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) (same); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.2003) (same). Finally, the Court will not grant a request to seal that is not narrowly tailored. A party cannot expect to reap the benefits of an overbroad request by shifting the onus to the Court to determine on a "line-by-line basis—that specific information in the court record meets the demanding requirements for a seal." *Shane Grp.*, 825 F.3d at 308.

### c. Motion for Protective Order

The Court now considers Defendant's motion for entry of its proposed protective order (DN 34-3). The Court notes that pursuant to its December 4, 2020 scheduling order, "[n]o motion pertaining to discovery may be filed without first having a joint telephonic conference with Magistrate Judge Lindsay arranged through his chambers." (DN 21, at PageID # 69.) Because Defendant did not request a telephonic status conference and was not otherwise excused from the requirement, the motion may be summarily denied. In the interest of efficiency, the Court will

consider the merits of the motion. Rule 26(c) sets forth the circumstances under which a party or person from whom discovery is sought may move the Court in which the action is pending to enter a protective order. The movant must certify that he or she has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. Fed. R. Civ. P. 26(c)(1). The Court may, *for good cause*, enter a protective order. *Id.*

Where, as here, a party has proposed certain limitations on the use of materials produced in discovery without objection by the other party, entry of a protective order is neither appropriate nor necessary. Defendant's motion contains no certification of the type required by Rule 26(c)(1), nor could it, as there is no dispute between the Parties. Moreover, Defendant does not sufficiently set forth the required "good cause" for entry of a protective order. The Court sees no reason why a protective order is necessary nor why the privacy interests asserted in Defendant's motion cannot otherwise be protected through a legally binding private agreement. Absent some dispute requiring the Court's intervention, the Parties need only document the terms of their agreement and proceed with litigation. Therefore, Defendant's motion will be denied.

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. DN 34 is **DENIED**.

2. The Clerk of Court is directed to unseal DN 41 and DN 46.

3. Defendant shall file an unredacted version of the Tischler declaration on or before **April 15, 2022**.

4. Defendant shall file any motion to permanently seal the sealed and/or redacted documents currently filed in the record on or before **May 15, 2022**. Responses and replies shall be governed by Local Rule 7.1(c).

5. Any future motion to seal a document in whole or in part shall be filed within ten days of underlying filing that necessitated placing the document in the record.

*[signature]*

Colin H Lindsay, Magistrate Judge
United States District Court

April 6, 2022

cc: Counsel of record